UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------x
JAMES FINE,                          :      CIVIL ACTION NO.
                                     :
            Plaintiff,               :      **COMPLAINT AND JURY DEMAND**
                                     :
v.                                   :
                                     :
AMOREPACIFIC US, INC., and           :
JESSICA HANSON                       :
                                     :
            Defendants.              :
-------------------------------------------x

Plaintiff James Fine ("Fine"), by and through his counsel, Pashman Stein Walder Hayden, P.C., by way of complaint against Amorepacific US, Inc. and Jessica Hanson avers as follows:

## NATURE OF THE CASE

1. This is a civil action for damages and other remedies brought by Fine in connection with the termination of his employment in violation of the Age Discrimination in Employment Act, Title VII, the New York Human Rights Law, and the New York City Human Rights Law.

## THE PARTIES

2. Plaintiff James Fine in an individual and a resident of New York County.

3. Amorepacific US, Inc. ("APUS" or the "Company") is a corporation organized under the laws of the State of New York with a principal place of business located in New York, New York.

4. Jessica Hanson ("Hanson") is an individual.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over Plaintiff's remaining claims pursuant to 28 U.S.C. § 1367.

7. This Court has personal jurisdiction over APUS because the Company is a New York corporation and its principal place of business is located in New York, New York.

8. This Court has personal jurisdiction over Hanson because she engaged in acts of discrimination against Fine while she was located in New York.

9. Venue is proper in the Southern District of New York because Plaintiff is a resident of New York County and a substantial amount of the events that give rise to this action occurred in New York County.

10. A charge of discrimination was filed with the Equal Employment Opportunity Commission (EEOC) regarding this matter on September 12, 2018.

11. On September 19, 2018, the EEOC issued a Notice of Right to Sue to Fine.

12. Plaintiff served copies of this Complaint upon the New York City Commission on Human Rights and the Corporation Counsel prior to filing it with this Court.

## FACTS

13. Between January 2017 and April 2017, Fine worked as a consultant for APUS.

14. On April 7, 2017, APUS hired Fine as a Senior Marketing Manager.

15. During the first nine months of his employment, Fine received nothing but positive reviews from the Company.

16. Fine's treatment began to drastically change when APUS hired Hanson as its President in October 2017.

17. During public and private meetings, Hanson acted in a verbally abusive manner towards Fine but lavished praise on younger employees and female employees.

18. Hanson also assigned Fine more difficult job responsibilities than similarly situated younger employees and female employees.

19. Hanson also discriminated against other older workers and other male employees.

20. On one occasion, Hanson promoted a younger worker over an older worker who was much more qualified for the position.

21. In the presence of Fine and other employees, Hanson made statements about how youth was very important in the beauty industry.

22. Hanson also encouraged employees to engage in discussions about their relative ages.

23. For example, at a leadership meeting on April 26, 2018, Hanson asked employees to identify which generation they belonged to.

24. When the results were displayed to the group, all of the employees could see that there was only one employee from the "Baby Boomer" generation in the group – Mr. Fine.

25. In addition, APUS prominently displayed Fine's age on his annual performance review even though his age should have had no bearing on the Company's evaluation of his job performance.

26. Ms. Hanson also exhibited a discriminatory animus against male employees.

27. For example, Ms. Hanson demoted a male employee and promoted a younger, female employee who was less qualified above him.

28. In addition, the Company has involuntarily terminated a disproportionate number of male employees since Ms. Hanson became President.

29. On information and belief, the last three employees that the Company involuntarily terminated are male.

30. On May 8, 2018, APUS placed Fine on a 30-day performance improvement plan ("PIP").

31. On information and belief, the Company normally issues 90-day performance improvement plans.

32. In the PIP, Hanson falsely claimed that Fine failed to abide by the Company's travel policy.

33. In fact, Mr. Fine had initially made the travel request in question prior to the implementation of the travel policy, discussed his request with Hanson, and documented his request in an email.

34. After receiving the PIP, Fine met all outstanding deadlines set forth in the PIP in a timely manner and participated in the required follow up meetings.

35. During the 30-day period, Hanson never claimed that Fine was in danger of losing his job.

36. Instead, Hanson called Fine into her office on May 10, 2018 and demanded his commitment to remain with the Company which he readily provided.

37. Despite Fine's completion of all of the items on his PIP and the fact that his sales numbers met or exceeded the Company's expectations, APUS still terminated Fine's employment.

38. On June 29, 2018, Hanson called Fine into her office and advised him that he was being discharged because "it wasn't working out."

39. Since his termination, APUS has offered a number of different explanations for his termination.

40. For example, the Company has claimed that it terminated Fine for failing to properly record his vacation time.

41. The Company's proffered reasons for his termination are merely a pretext for discrimination.

42. After his termination, Hanson made false statements to several APUS employees concerning the reason for Fine's departure.

43. For example, Hanson told several APUS employees that Fine had abruptly resigned from the Company even though she knew that was not true.

## FIRST CAUSE OF ACTION
### Violation of the Age Discrimination in Employment Act (ADEA)
### (Against Amorepacific US)

44. Fine repeats and re-alleges each of the allegations set forth above as if set forth herein at length.

45. The Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* prohibits discrimination in the terms and conditions of employment because an employee is above the age of 40.

46. Fine was born in 1957.

47. Fine was above the age of 40 when APUS discharged him.

48. Fine's age was a motivating factor in the Company's decision to terminate his employment.

49. As a result of APUS' unlawful conduct, Fine suffered and continues to suffer substantial losses, including back pay and front pay, bonuses, employment benefits, emotional distress, and mental anguish.

## SECOND CAUSE OF ACTION
### Violation of the Title VII
### (Against Amorepacific US)

50. Fine repeats and re-alleges each of the allegations set forth above as if set forth herein at length.

51. Title VII of the Civil Rights Act of 1964, as amended, prohibits discrimination in the terms and conditions of employment due to the employee's sex.

52. Fine is a male employee.

53. Fine's sex was a motivating factor in the Company's decision to terminate his employment.

54. As a result of APUS' unlawful conduct, Fine suffered and continues to suffer substantial losses, including back pay and front pay, bonuses, employment benefits, emotional distress, and mental anguish.

## THIRD CAUSE OF ACTION
### Violation of the New York City Human Rights Law (Age Discrimination)
### New York City Administrative Code § 8-101 to 8-131
### (Against All Defendants)

55. Fine is a "person" as defined under § 8-102(1) of the New York City Human Rights Law.

56. APUS is an "employer" subject to the provisions of the New York City Human Rights Law under § 8-102(5) of the Administrative Code.

57. Hanson is an "employer" subject to the provisions of the New York City Human Rights Law under § 8-102(5) of the Administrative Code.

58. Hanson is also an "employee" subject to the provisions of the New York City Human Rights Law under § 8-102(5) of the Administrative Code.

59. The New York City Human Rights Law provides that it is an unlawful discriminatory practice for "an employer or agent thereof" to discriminate against an employee based on his age.

60. By terminating Fine's employment because of his age, Defendants unlawfully discriminated against him in violation of the New York City Human Rights Law.

61. Defendants' conduct towards Fine constituted willful discrimination and a reckless indifference to Fine's rights.

62. As a result of Defendants' unlawful conduct, Fine suffered and continues to suffer substantial losses including back pay and front pay, bonuses, employment benefits, emotional distress, and mental anguish.

## FOURTH CAUSE OF ACTION
### Violation of the New York City Human Rights Law (Gender Discrimination)
### New York City Administrative Code § 8-101 to 8-131
### (Against All Defendants)

63. Fine is a "person" as defined under § 8-102(1) of the New York City Human Rights Law.

64. APUS is an "employer" subject to the provisions of the New York City Human Rights Law under § 8-102(5) of the Administrative Code.

65. Hanson is an "employer" subject to the provisions of the New York City Human Rights Law under § 8-102(5) of the Administrative Code.

66. Hanson is also an "employee" subject to the provisions of the New York City Human Rights Law under § 8-102(5) of the Administrative Code.

67. The New York City Human Rights Law provides that it is an unlawful discriminatory practice for "an employer or agent thereof" to discriminate against an employee based on his gender.

68. By terminating Fine's employment because of his gender, Defendants unlawfully discriminated against him in violation of the New York City Human Rights Law.

69. Defendants' conduct towards Fine constituted willful discrimination and a reckless indifference to Fine's rights.

70. As a result of Defendants' unlawful conduct, Fine suffered and continues to suffer substantial losses including back pay and front pay, bonuses, employment benefits, emotional distress, and mental anguish.

**FIFTH CAUSE OF ACTION**
**Violation of the New York Human Rights Law (Age Discrimination)**
**New York Executive Law § 290-297**
**(Against All Defendants)**

71. Fine repeats and re-alleges each of the allegations set forth above as if set forth herein at length.

72. The New York Human Rights Law prohibits an employer from discriminating against or discharging an employee because of his age.

73. APUS is an "employer" subject to the provisions of the New York Human Rights Law.

74. Hanson is an "employer" subject to the provisions of the New York Human Rights Law.

75. For the reasons described in detail above, Defendants discriminated against Fine because of his age in violation of the New York Human Rights Law.

76. As a result of Defendants' unlawful conduct, Fine suffered and continues to suffer substantial losses including back pay and front pay, bonuses, employment benefits, emotional distress, and mental anguish.

### SIXTH CAUSE OF ACTION
**Violation of the New York Human Rights Law (Gender Discrimination)**
**New York Executive Law § 290-297**
**(Against All Defendants)**

77. Fine repeats and re-alleges each of the allegations set forth above as if set forth herein at length.

78. The New York Human Rights Law prohibits an employer from discriminating against or discharging an employee because of his gender.

79. APUS is an "employer" subject to the provisions of the New York Human Rights Law.

80. Hanson is an "employer" subject to the provisions of the New York Human Rights Law.

81. For the reasons described in detail above, Defendants discriminated against Fine because of his gender in violation of the New York Human Rights Law.

82. As a result of Defendants' unlawful conduct, Fine suffered and continues to suffer substantial losses including back pay and front pay, bonuses, employment benefits, emotional distress, and mental anguish.

### SEVENTH CAUSE OF ACTION
**Aiding and Abetting Violation of the New York Human Rights Law,**
**New York Executive Law § 290 to 297**
**(Against Defendant Jessica Hanson)**

83. Fine repeats and re-alleges each of the allegations set forth above as if set forth herein at length.

84. The New York Human Rights Law prohibits an individual from aiding or abetting in unlawful discrimination against an employee.

85. For the reasons described in detail above, Hanson aided and abetted discrimination against Fine based in violation of the New York Human Rights Law.

86. As a result of Hanson's unlawful conduct, Fine suffered and continues to suffer substantial losses including back pay and front pay, bonuses, employment benefits and emotional distress and mental anguish.

### EIGHTH CAUSE OF ACTION
### Aiding and Abetting in Violation of the New York City Human Rights Law, New York City Administrative Code § 8-101 to 8-131
### (Against Defendant Jessica Hanson)

87. Fine repeats and re-alleges each of the allegations set forth above as if set forth herein at length.

88. The New York Human City Rights Law prohibits an individual from aiding or abetting in unlawful discrimination against an employee.

89. For the reasons described in detail above, Hanson aided and abetted in unlawful discrimination against Fine in violation of the New York City Human Rights Law.

90. As a result of Hanson's unlawful conduct, Fine suffered and continues to suffer substantial losses including back pay and front pay, bonuses, employment benefits, emotional distress, and mental anguish.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff James Fine prays that judgment be entered against Defendants as follows:

(a) Declaring that the acts and practices complained of herein are in violation of the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of

    1964, the New York Human Rights Law and the New York City Human Rights Law;

(b) Directing Defendants to make Plaintiff whole for all earnings he would have received but for Defendants' discriminatory and unlawful conduct, including, but not limited to wages, bonuses, front-pay, and other lost employment benefits;

(c) Directing Defendants to pay Plaintiff compensatory damages for mental anguish, emotional distress, and humiliation;

(d) Directing Defendants to pay Plaintiff punitive damages for its intentional disregard of and reckless indifference of his rights;

(e) Awarding Plaintiff the costs of this action together with reasonable attorneys' fees;

(f) Awarding Plaintiff pre-judgment interest;

(g) Awarding Plaintiff post-judgment interest;

(h) Awarding such other further relief as this Court deems just and equitable.

Dated: November 12, 2018

**PASHMAN STEIN WALDER HAYDEN**
A Professional Corporation
Attorneys for Plaintiff
*James Fine*

By: _____
James W. Boyan III
2900 Westchester Avenue, Suite 204
Purchase, NY 10577
James W. Boyan III
(914) 612-4090

*Attorneys for Plaintiff*
James Fine

## JURY DEMAND

Plaintiff hereby demands a trial by jury on each and every issue so triable.

Dated: November 12, 2018

**PASHMAN STEIN WALDER HAYDEN**
A Professional Corporation

By: _____
James W. Boyan III
2900 Westchester Avenue, Suite 204
Purchase, NY 10577
James W. Boyan III
(914) 612-4090

*Attorneys for Plaintiff*
James Fine